Argued 30 September; decided 14 October, 1901.

## HECKER v. OREGON RAILROAD COMPANY.

[66 Pac. 270; 23 Am. & Eng. R. R. Cas. (N. S.) 33.]

RAILROADS—GRADE CROSSING—QUESTION FOR JURY.

1. Plaintiff and another, familiar with a railroad crossing, attempted to cross the track with a team and wagon, and were struck by one of defendant's trains. The highway, before crossing the track, ran parallel with and two hundred to three hundred feet from it for half a mile, the view being obscured at intervals. Some forty feet from the crossing the track could not be seen for several hundred feet eastwardly, the direction from which the men were approaching; but from that point the view from the road was obscured until within nineteen feet from the crossing. On approaching the crossing, the men slowed the team to a speed of one and one half miles an hour. Plaintiff testified that the wagon did not make noise enough to interfere with hearing; that at an open place, some forty feet from the track, in looking and listening they stopped the horses so that their movements were almost imperceptible; that, there appearing to be no danger from the east, they looked westwardly, and did not notice the train coming from the east in time to avoid a collision. *Held,* in an action for damages, that the question of contributory negligence was for the jury: *Blackburn* v. *Southern Pac. Co.* 34 Or. 215, distinguished.

RAILROADS—NEGLIGENCE IN MAKE-UP OF TRAIN.

2. It is not negligence *per se* to operate a train in the country districts with the tender ahead of the engine, but the train must be run with reasonable regard to the rights of travelers on the public highways.

ACCIDENT AT GRADE CROSSING—DUTY TO LOOK FOR TRAIN.

3. An instruction, in an action for injuries received at a crossing, that plaintiff was guilty of contributory negligence if he did not look in each direction at such time and place as would enable him to avoid the approaching train on defendant's track, was properly refused. In this class of cases the jury are ordinarily the judges of whether there was contributory negligence, and the instruction requested would have taken that question from them.

RAILROADS—FAILURE TO OBEY RULES AS NEGLIGENCE.

4. A jury may consider the rules of the railroad company requiring a

bell to be rung for a distance of a quarter of a mile before reaching a crossing in determining whether such precaution was reasonably necessary, and whether a failure to so ring the bell was negligence on the part of the company.

From Wasco:  WILLIAM L. BRADSHAW, Judge.

Action for personal injuries by J. J. Hecker against the Oregon Railroad & Navigation Co.   From a judgment against it, defendant appeals.                         AFFIRMED.

For appellant there was a brief over the name of *Cotton, Teal & Minor,* with an oral *argu*ment by *Mr. Wirt Minor.*

For respondent there was a brief over the name of *Bennett & Sinnott,* with an oral argument by *Mr. Alfred S. Bennett.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

On June 8, 1900, the plaintiff and one Calbreath were driving in a westerly direction, along a public highway, in a light, wide-tired wagon drawn by two horses.   The road runs substantially parallel with, and two hundred or three hundred feet from, a railway track, for perhaps half a mile, the intervening space being partially covered by a growth of pine trees, obstructing the view at intervals.   The roads gradually converge, and the wagon road crosses the railway track at grade. The men were both familiar with the crossing, and, as they approached it, slowed down their team to a speed of about a mile or a mile and a half an hour, listening carefully all the time, and looking, as they had opportunity, for a train from the east.   The road was soft and sandy, so that the wagon made but little noise,—not enough, according to the plaintiff's testimony, to interfere with the sense of hearing.   About thirty-five or forty feet from the crossing they could see the track for several hundred feet east, but from here the view from the road is again obscured until within nineteen feet of the crossing.   The plaintiff says that at the former place he looked for a train, and, in listening, "so nearly stopped that you could not tell we were moving."   After thus satisfying themselves that there was no danger from the east, they turned their

attention to the track on the west, which was first visible at the forty-foot point, and did not hear or notice a train coming from the opposite direction until too late to avoid the collision which caused the injuries for which plaintiff seeks to recover damages.    At the trial, when plaintiff rested, defendant moved for a nonsuit, which motion was overruled, and a verdict returned in plaintiff's favor.    From the judgment thereon defendant appeals, assigning as error the overruling of its motion and the giving and refusal by the trial court of certain instructions.

1.    The principal question on this appeal is whether under the circumstances the plaintiff was guilty of such contributory negligence as to bar his recovery.    Ordinarily, in actions of this kind, the question of contributory negligence is for the jury.    The cases where nonsuits are allowed are exceptions, and confined to those where the uncontradicted facts show the omission of acts which the law adjudges to be negligence. Where the facts are undisputed, and are such that all reasonable men must draw the same conclusion from them, the court may decide the question as one of law; but where there is a controversy as to the facts, or where reasonable men may fairly differ as to whether there was negligence, the determination of the matter is for the jury.    The duty of a traveler on a public road, approaching a railway crossing at grade, has been so often declared by the courts and text writers that it needs no further elaboration.    He is required to exercise due and ordinary care to avoid being injured by a passing train. Formerly, the question of what was such ordinary care went to the jury.    The law now, however, has gone beyond this, and requires a traveler about to cross a railway track to look and listen for an approaching train, and a failure in that respect, without reasonable excuse, is considered negligence as a matter of law: *Durbin* v. *Oregon Ry. & Nav. Co.* 17 Or. 5 (17 Pac. 5, 11 Am. St. Rep. 778) ;*    *McBride* v. *Northen Pac. R. Co.* 9 Or. 64 (23 Pac. 814).    It is therefore generally con-

---

*See note to this case :   Negligence as a Question of Law ; Duty to Look and Listen at Railway Crossings.

sidered improper to leave to the jury the question whether a
prudent man would look and listen before crossing a railway
track, it being deemed the duty of the court to declare that
failure to do so is negligence.  To this extent the *quantum*
of care required is prescribed by law.  In some jurisdictions
the courts have gone further, and held that he must not only
look and listen before attempting to cross the track, but must
stop for that purpose.  But under the great weight of author-
ity, while the failure to stop may be evidence of negligence,
and sometimes so conclusive as to justify a nonsuit, it is not
negligence *per se*, and is not required of the traveler as a mat-
ter of law: 2 Woods, Railroads (Minor's ed.), 1534; 3 Elliott,
Railroads, § 1167; Beach, Contrib. Neg. (3 ed.) § 182; 7 Am.
& Eng. Ency. Law (2 ed.), 430; *Judson* v. *Central Vt. R. Co.*
158 N. Y. 597 (53 N. E. 514); *Lewis* v. *Long Island R. Co.*
162 N. Y. 52 (56 N. E. 548).

Although it is negligence for a traveler not to look and
listen for approaching trains before attempting to cross a
railway track, the law does not undertake to determine
whether he shall do so at any particular place or given dis-
tance from the crossing.  It is only required that he shall
look and listen at the time and place necessary in the exercise
of ordinary care; and this is generally a question for the jury,
under all the circumstances of the particular case; for, as said
by the Supreme Court of New York: "If, in case of an acci-
dent at a crossing, it appears that the person injured did look
for an approaching train, it would not necessarily follow as a
rule of law that he was remediless because he did not look at
the precise place and time when and where looking would have
been of the most advantage.  Many circumstances might be
shown which could properly be considered by the jury in
determining whether he exercised due and reasonable care in
making his observation": *Rodrian* v. *New York, N. H. etc.
R. Co.* 125 N. Y. 526, 529 (26 N. E. 741).  See, also *Moore*
v. *Chicago, St. P. & K. C. Ry. Co.* 102 Iowa, 595 (71 N. W.
569); *Cleveland, etc. Ry. Co.* v. *Harrington*, 131 Ind. 426 (30
N. E. 37); *Smith* v. *Baltimore & O. R. Co.* 158 Pa. St. 82 (27

Atl. 847); *Ely* v. *Railway Co.* 158 Pa. St. 233 (27 Atl. 970). Under these rules, which are substantially elementary, we think that the motion for a nonsuit was properly denied. There was no such failure of duty on the part of the plaintiff as the law adjudges negligence *per se,* and therefore the question of contributory negligence was one of fact, and for the jury. The evidence shows that he was looking and listening for approaching trains. Whether he did so at the proper time and place, and whether, in order to do so effectively, he should have stopped, were all questions for the jury, and properly submitted to them. "All that this court can do is to lay down the general rules, and to say that, where the facts are uncontested, or the inference of negligence the only one that can be drawn, the court must pronounce the result as a matter of law; but where the facts are in dispute, or the inference from them open to debate, they must go to the jury": *Ely* v. *Railway Co.* 158 Pa. St. 233, 236 (27 Atl. 970).

At the argument considerable reliance was placed upon the case of *Blackburn* v. *Southern Pac. Co.* 34 Or. 215 (55 Pac. 225), but it differs in very many respects from the case at bar, and is not an authority here. There a traveler on a hard, dry, and somewhat rocky street, where the view was entirely obstructed, attempted to cross a railway track at a blind and dangerous crossing, without stopping the noise made by his wagon so that he could effectively listen for an approaching train. Here the plaintiff was not compelled to rely alone upon his sense of hearing. The crossing was not entirely obstructed, but before reaching it he could see the track at intervals in the direction from which the train approached. The road was sandy and soft, and the wagon on which he was riding made but little, if any, noise. Under these facts reasonable minds might differ as to whether he exercised due care. The court, therefore, could not determine the question, and properly referred it to the jury. What was said in the *Blackburn Case* about the law prescribing the *quantum* of care required of a traveler at a railway crossing was not intended, as the context shows, to mean that the courts should

decide the question of contributory negligence in all cases, but that the jury can no longer determine, from their own conceptions alone, whether the traveler has acted as a careful and prudent man, since the law prescribes certain duties, such as looking and listening, a failure to observe which constitutes negligence *per se.*

2.   The train which injured the plaintiff consisted of an engine and caboose, and, as the evidence tended to show, was backing down the track at a speed of forty or fifty miles an hour, without ringing a bell or giving any other signal of its approach to the crossing.   The defendant requested the court to charge the jury that it was not negligence to operate its train with the tender ahead of the locomotive, which instruction the court gave, with the qualification, ''If such train or cars are operated prudently, and with reasonable regard to the rights of travelers.''   In our opinion, this was a proper modification of the charge as requested, and the assignment of error based thereon is not well taken.

3.   The defendant also requested the court to charge the jury that ''it was the duty of the plaintiff, in approaching the track of the defendant, before attempting to cross the same, carefully to look in each direction, in coming to the track, for an approaching train; and if you find from the evidence that plaintiff, before he entered upon the railroad track of the defendant, did not look in each direction for a train approaching the crossing, *or did not look in each direction at such time and place as would enable him to avoid such approaching train on the railroad track of the defendant,* but entered upon the track, and was struck by a locomotive or car or tender being operated thereon, I charge you that this was contributory negligence on the part of the plaintiff, and you shall return a verdict for the defendant.''   The court gave the instruction, with the exception of the part italicized, and for a refusal to give the part excepted error is assigned.   The instruction, as requested, practically amounted to a direction to find for the defendant.   It stated, in effect, that, if plaintiff did not look in each direction for an approaching train, at such

a time and place as would enable him to avoid such train, he was guilty of contributory negligence, and could not recover. Now, if he had so looked, he would necessarily have seen the train, and therefore been guilty of contributory negligence in attempting to cross the track in front of it; so that, under the instruction requested, the plaintiff could not have recovered, because, if he had not looked at the time and place specified, he would have been guilty of negligence, and, if he had, he certainly would have been so guilty. It is probable that he did not look in the direction from which the train came, at a place where he could have seen it, in time to avoid the casualty. Whether he was guilty of negligence in not so doing was for the jury, and the court would not have been justified, as a matter of law, in withdrawing it from them.

The defendant also complains of the refusal of the court to instruct the jury that, if there was a space on the public road, before the crossing was reached, from which the plaintiff could have seen the train approaching, is was his duty to have looked from that place, and, if he failed to do so, he could not recover. But, as we have already said, the question as to whether he was negligent in not looking for an approaching train from the east at any given place was a question of fact for the jury. The evidence shows that he was proceeding cautiously, looking and listening for a train. He was, therefore, not acting recklessly, but with the danger in mind, and with some degree of care and prudence; and whether it was sufficient was for the jury, and not the court.

4. There was no error in instructing the jury that they might consider the rules of the company requiring a bell to be rung for a distance of a quarter of a mile before reaching the crossing in determining whether or not such precaution was reasonably necessary, and a failure to so ring the bell negligence on the part of the company: *Wood* v. *New York, C. & H. R. R. Co.* 70 N. Y. 195; *Smithson* v. *Chicago Gt. West. Ry. Co.* 71 Minn. 216 (73 N. W. 853).

The instruction taken from *Haines* v. *Illinois Cent. R. Co.* 41 Iowa, 227, 231, a portion of which the court refused to

give, was one of a series of instructions approved as a whole by that court; and, besides, as we read it, the portion eliminated by the trial court would make the plaintiff guilty of contributory negligence *per se* if he did not stop his team to listen for an approaching train; and such is not the law, as we understand it.

There are several other assignments of error, but they are all substantially covered by what has already been said, and the judgment is therefore affirmed.                          AFFIRMED.