Argued September 22, affirmed October 19, 1920.

## MARSTERS v. ISENSEE.*

(192 Pac. 907.)

**Trial—Court will not Withdraw Question of Fact Except for Total Absence of Evidence, or Clear Insufficiency.**

1. A court will not withdraw a question of fact from the jury, unless there is a total absence of evidence on the subject, or the evidence is of such character that a reasonable man can draw but one inference.

**Municipal Corporations—Whether Automobile Driver was Keeping Proper Lookout and had Car Under Control for Jury.**

2. In an action by an intending street-car passenger for injuries when struck by defendant's automobile in the night-time as

*On reciprocal duty of operator of automobile and pedestrian to use care when near street-cars see notes in 38 L. R. A. (N. S.) 493; 42 L. R. A. (N. S.) 1184, and 51 L. R. A. (N. S.) 1002. REPORTER.

she was attempting to cross a street, whether defendant was keeping proper lookout and had his vehicle in proper control *held* for the jury.

> [On rights and duties of persons driving automobile in highway, *see note in* Ann. Cas. 1916E, 661.]

**Negligence—Ordinary Prudence for Jury.**

3. The conduct of plaintiff to determine the question of contributory negligence is to be measured by the conduct of an ordinarily prudent person, which is peculiarly a question for the jury.

**Municipal Corporations—Contributory Negligence of Plaintiff Struck by Automobile a Jury Question.**

4. In an action by an intending street-car passenger for injuries when struck by defendant's automobile in the night-time as she was attempting to cross a street, whether plaintiff was negligent in thinking she could cross safely before the arrival of defendant's car, which she had seen a block away, *held* for the jury.

**Trial—Instructions Need not be Repeated on Request.**

5. The refusal of requested instructions was not erroneous where the substance was clearly expressed in the charge given the jury by the court.

From Multnomah: ROBERT TUCKER, Judge.

Department 1.

This is an action for the recovery of damages for personal injuries. The complaint alleges negligence upon the part of the defendant in three particulars: (a) Failure to keep a proper lookout; (b) failure to have the car under control; (c) failure to sound an alarm.

The answer denies the allegations of negligence, and pleads contributory negligence on the part of the plaintiff. The essential facts are recited in the opinion. There was a verdict, followed by judgment for the plaintiff, and defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Guy C. H. Corliss* and *Messrs. Giltner & Sewall*, with an oral argument by *Mr. Corliss.*

For respondent there was a brief over the name of *Messrs. Davis & Farrell,* with an oral argument by *Mr. W. E. Farrell.*

BENSON, J.—The principal contentions of defendant upon this appeal are, that there is a total lack of evidence showing negligence upon the part of defendant, and that the testimony conclusively establishes contributory negligence upon the part of the plaintiff. These subjects are presented by the denial of defendant's motion for a judgment of nonsuit.

An examination of the record discloses that in the City of Portland there is a line of street-cars known as the Mississippi Avenue cars, which, upon their eastern trips, cross the Willamette River upon the Broadway bridge, continuing in an easterly direction until they reach the intersection of Broadway with Larrabee Street, where they turn to go north upon Larrabee Street. Upon Larrabee Street there is another line of street-cars, running south from the south side of Broadway, and known as the "Bridge Transfer." On the evening of November 28, 1917, the plaintiff, who was then a teacher in a night school, boarded the Mississippi Avenue car at a point north of Broadway, at 9:15 P. M. to return to her home. When the car reached the north side of Broadway, she left it, for the purpose of crossing Broadway to transfer to the "Bridge Transfer" car, which was standing on Larrabee Street, at the south boundary of Broadway. While crossing Broadway she was struck by one of the mud-guards of defendant's automobile, which was traveling east on Broadway, having just crossed the Broadway bridge. The collision resulted in the injuries upon which the action

is based. There is evidence to the effect that defendant's car was traveling at a rapid rate, and that it did not slacken its speed until after plaintiff was struck, and did not stop until it reached the curb on the east side of Larrabee Street. There is also testimony to the effect that when plaintiff left the Mississippi Avenue car on the north side of Broadway, she saw defendant's car leaving Broadway bridge, about a block away, she ran toward the "Bridge Transfer" car, following eight or ten other passengers who were making the same journey ahead of her, and when she had gone about fifty feet the accident occurred. It is conceded that after seeing the approaching automobile a block away, as she started across the street, the plaintiff did not again look toward it, until the instant before she was struck, at which time she stepped back in an effort to avoid the collision. There was an arc street light at the intersection of the streets. Upon this state of the record, defendant insists that there is a failure of evidence disclosing negligence upon his part, and such a showing of negligence upon the part of plaintiff as to justify a judgment of nonsuit.

1, 2. No doctrine is more firmly established than that which holds that a court will not withdraw a question of fact from the jury unless there is a total absence of evidence upon the subject, or the evidence is of such a character that reasonable men can draw but one inference therefrom. Keeping this doctrine in mind, and considering the fact that the accident occurred in a city street, at a busy transfer point, and at a time when a number of people were crossing the street, and regarding also the mutual obligations of automobile drivers and pedestrians, it was clearly the province of the jury to determine whether

or not the defendant was keeping a proper lookout, and had his vehicle under proper control.

3. A discussion of contributory negligence begins, always, with the fundamental rule that the conduct of the plaintiff is to be measured by the conduct of an ordinarily prudent and cautious person, and that this is peculiarly a question for the jury: *Hecker* v. *Oregon R. R. Co.*, 40 Or. 6 (66 Pac. 270); *Donohoe* v. *Portland Ry. Co.*, 56 Or. 58 (107 Pac. 964.) The two cases just cited are also authority for the rule that while it is negligence for a traveler not to look and listen for approaching trains before attempting to cross a railroad track, the law does not undertake to say that he shall do so at any particular time or place, but that he should look and listen at a time and place necessary in the exercise of ordinary care, and that it is for the jury to determine whether he has done so.

It is also noteworthy that the courts have gone further in their exactions in the care requisite in crossing steam railway tracks, because of the peculiar condition arising at such points, and the law has singled out this class of cases as the only ones in which the *quantum* of care has been prescribed; *Hecker* v. *Oregon R. R. Co.*, 40 Or. 6 (66 Pac. 270). The conditions in a busy city street, involving the mutual obligations of vehicle drivers and pedestrians, are such that it would be practically impossible for a court to say, as a matter of law, that a pedestrian has been guilty of contributory negligence. For illustration, let us take the intersection of Broadway and Washington Street in the City of Portland; if a pedestrian were required to keep close watch of automobiles a block away, it is doubtful if he would ever be able to effect a crossing of the street at that

point. The foot-passenger is obliged, under such circumstances, to rely, to a considerable extent, upon the care and caution of the driver, whose duty as to watchfulness and speed must necessarily be regulated by conditions as they present themselves. We cannot say, therefore, in the instant case, as a matter of law, that the plaintiff was negligent in thinking that she could cross the street safely before the arrival of an automobile then a block away. We conclude, therefore, that it was not error to deny the motion for a judgment of nonsuit.

Defendant also assigns as error the refusal of the trial court to give two requested instructions. As to these it is necessary only to say that the substance of each of them is clearly expressed in the charge which was given to the jury by the court.

The judgment is affirmed.          AFFIRMED.

McBRIDE, C. J., and HARRIS and JOHNS, JJ., concur.