Argued January 24, affirmed March 20, rehearing denied May 22, 1923.

## SLUSHER v. GREAT SOUTHERN RAILROAD COMPANY.

(213 Pac. 420.)

**Railroads—Evidence Held Sufficient to Support Nonsuit on Ground of Plaintiff's Negligence at Crossing.**

1. In an action against a railroad for damages to an automobile injured at a railroad crossing, evidence of plaintiff's recklessness, contributing to the accident resulting in injury to the automobile, *held* to sustain defendant's motion for nonsuit.

**Railroads—Persons, Crossing Railroad Tracks Where Impossible to See Approaching Cars, must Use Reasonable Care.**

2. Persons, crossing a railroad track where it is impossible to see approaching cars in time to guard against injury, must take the utmost care in their own behalf, or at least reasonable care.

From Wasco: FRED W. WILSON, Judge.

Department 1.

Plaintiff brought action against defendant to recover $1,200, for damages to plaintiff's automobile,

---

2. Duty of driver of automobile where view is obstructed at crossing, see notes in 46 L. R. A. (N. S.) 705; 1 A. L. R. 203; Ann. Cas. 1915B, 767.

resulting from the alleged negligence of defendant. The cause of action was based on the following facts: Plaintiff is engaged in farming and stock raising and resides three or four miles above and west of the town of Dufur; the defendant owns and operates a railroad carrying freight and passengers for hire, its principal office being The Dalles, and the termini of its railroad, The Dalles and Friend, all in Wasco County. Defendant has a station on its railroad called Dufur Station, about a half mile below and east of the town of Dufur, which station is on the south side and near a stream of water known as Fifteen Mile Creek.

There is a public road leading from the town of Dufur down and on the north side of said creek to a point nearly opposite to the west end of defendant's depot building, and there turning south, crosses on a bridge over said stream and passes near the west end of the depot building and there turning east continues in an easterly direction to the town of Boyd, on the Canyon City road, and from there continues on down "Lower Fifteen Mile Creek." This road was established and used for public travel, long before the town of Dufur was platted and laid out, and many years before defendant's railroad was constructed, and has been and still is used to accommodate much travel thereover. Defendant's main track runs east and west on the south side and close to its depot building, and its siding track runs parallel to the main track, and the distance between the outside rail of the siding and outside rail of the main track is between fifteen and sixteen feet. There are two large warehouses east and south of the depot building, and the siding track runs along the north side and close to the warehouses, extending a little distance beyond. Two

switches starting from the siding track alongside of
the most easterly warehouse, connect with the main
track at or near the east end of the depot building.

At a distance approximately one hundred feet
north from where the county road crosses the tracks
of defendant it has constructed a road or way run-
ning approximately east for a distance of something
over two hundred feet, then turning to the south, so
as to pass directly east of and adjacent to the platform
of the depot and continuing south across its tracks,
it passes a large warehouse on the south side of the
track, the northwest corner of the warehouse being
approximately four feet south of the defendant's side-
track, upon which the injury occurred. The road
then continues south for about one hundred feet and
then turns east, running approximately parallel to
the Moody warehouse and another large building
known as the Dufur Orchard Company's warehouse.
This road is entirely upon the ground of defendant
and serves the convenience of persons having freight
at the depot or the warehouses adjoining the track,
but when the county road was obstructed by cars it
was frequently used by the public to pass around such
obstructions and this without objection, so far as it
appears, from the defendant.

The two warehouses prevent a view of the track
to the east for a considerable distance so that cars
going west on the track or side-track could not be
seen from the last-mentioned road or way until one
had passed beyond the northwest corner of the Moody
warehouse and was within four feet of the track.
The ground in the vicinity of the warehouse was com-
paratively level from north to south, with a slight up-
grade on the track from the east looking to the west.

On the day in question the plaintiff, who resides to the north of this depot, in company with Mr. Evans, came to the defendant's premises, driving along the county road to the south and crossing defendant's tracks, which were then unobstructed, and going east to another warehouse along defendant's track, which warehouse is east of the two warehouses heretofore mentioned. After having transacted their business at the latter place they started to return along the county road, but when they had reached a point approximately fifty feet from the defendant's side-track they found that the road was blocked by several cars, and after waiting for a while for the cars to be taken away they saw that the train had been broken and part of the cars, with the engine, went down the main track toward the east, leaving another car standing in a position which directly obstructed their travel to the north along the county road. Thereupon they turned to the east and drove to the wagon road or way heretofore mentioned, drove up past the corner of the Moody warehouse, and immediately after passing the northwest corner of the warehouse and while upon the track, the cars of defendant, which were being switched backward and westward upon the side-track next to the warehouse, struck plaintiff's machine and injured it to a very serious extent.

The charges of negligence are that defendant's cars were running at a high rate of speed and that there was no flagman or bell at this crossing. The plaintiff testifies that when he saw the locomotive, with the cars attached, going eastward from the county road he supposed that they had gone down to spot some cars; that when he came opposite the north end of the Moody warehouse and near the track he listened

and did not hear the sound of any train and being then able to see to the eastward he drove on to the track and when he came out from behind the north-west corner of the Moody warehouse he saw defendant's cars only a few feet away, too late for him to retreat or cross ahead of the cars. Upon this testimony, which is substantially corroborated by other witnesses, the court granted a nonsuit, holding that, as a matter of law, plaintiff's own negligence had contributed to his injury, and from the judgment upon that motion defendant appeals.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. Enoch B. Dufur.*

For respondent there was a brief over the name of *Messrs. Joseph, Haney & Littlefield,* with an oral argument by *Mr. Bert W. Haney.*

McBRIDE, C. J.—We are unable to differentiate this case in any material particular from the case of *Cathcart* v. *Oregon-Washington R. & N. Co.,* 86 Or. 251 (168 Pac. 308).

The evidence here shows that plaintiff was familiar with conditions and Mr. Evans, who was driving with him, states that he, himself, had gone upon this way a hundred times. Plaintiff knew that the defendant had left a car upon the main track and across the county road and had, therefore, every reason to believe and did believe that its errand to the east was for a temporary purpose and that the locomotive would be either upon the main track or the side-track in a short space of time. In fact, he states, he supposed that they were spotting cars somewhere to the east. Therefore, he was not unaware of the fact

that the tracks were in immediate use. There are cases wherein a party is not required to look, where his other senses will serve his purpose to the extent that a prudent man would trust them, but here plaintiff was traveling in an automobile upon low gear and proceeding slowly, but not so slowly but that some noise would result from the movements of his machine. There was a wind blowing at the time, which, according to the testimony of his own witnesses, prevented their hearing a remark which he made to them and it is very evident, both from the conditions and what actually occurred, that his sense of hearing could not be trusted. Under these circumstances he chose to go blindly upon the track where he could see to the east for a distance of only four feet on the south side of it and to take his chances of a collision.

1. It is needless to discuss here the question as to whether defendant should have had a flagman at this point or whether plaintiff was a licensee or an invitee of the defendant. Conceding that defendant might have been negligent in this respect, it is plain that the negligence of the plaintiff, amounting under the circumstances to sheer recklessness, contributed to his injury, and this appearing from his own testimony and that of his witnesses, the finding of the lower court was correct.

2. We are not unaware of the rule so ably and ingeniously argued by appellant's counsel that in a motion for a nonsuit every intendment should be made in favor of the sufficiency of the testimony, but, applying that rule in its utmost strictness, we cannot conscientiously hold that plaintiff was not negligent or that his negligence did not contribute to his injury. We cannot again too strongly emphasize the state-

ment made in *Cathcart* v. *O.-W. R. & N. Co., supra,* that persons crossing a railroad track, where it is impossible to see approaching cars in time to guard against injury, must take the utmost care in their own behalf or at least reasonable care. No flagman or signalman under such circumstances can add to the warning which the track itself announces, for it is saying "Beware!" every instant. There is scant reason for a prudent man being run over at a crossing, and especially in a case like this where a little patience or slight attention to conditions such as getting out of a car and looking around the corner of a building would have prevented the accident. An automobile is an agency that can be stopped with slight inconvenience or turned in its direction without much loss of time, while it requires time to stop a train and it is impossible for it to turn aside.

The judgment is affirmed.

AFFIRMED.   REHEARING DENIED.

BURNETT, HARRIS and RAND, JJ., concur.