PLUCKER, Appellant, v. CHICAGO, M. & ST. P. RY. CO. et al, Respondents.

(219 N. W. 254.)

(File No. 5847. Opinion filed May 4, 1928.)

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.

*Ed. L. Grantham,* of Rapid City, and *H. O. Hepperle,* of Aberdeen, for Respondents.

SHERWOOD, J. Appellant, plaintiff below, alleges he was seriously injured, and his automobile completely destroyed by a collision with defendant's train, on August 4, 1921.

He claimed damages to his person in the sum of $10,000, and to his automobile in the sum of $500.

On the trial plaintiff had a verdict and judgment against both defendants for $7,500.

Defendants were granted a new trial on the sole ground that:

"The evidence shows that the plaintiff was guilty of contributory negligence, as a matter of law, barring a recovery against the defendants in this action."

From this order plaintiff appealed.

The only question presented by this record is, Did the court err in granting the new trial on the ground specified?

This presents a question of law only, there being no dispute as to the facts. Davenport v. Fireman's Ins. Co. of Newark, N. J., 47 S. D. 426, 199 N. W. 203; City of Dell Rapids v. McShane, 37 S. D. 86, 156 N. W. 789; Hayne, New Trial and Appeal (Rev. Ed.), § 100, note 4.

The undisputed facts show that appellant lived on a farm 1 mile west and 1 mile north of Chancellor, S. D. He had lived on that farm for 30 years; was married, and at the time of

the accident about 35 years of age. The road from Chancellor to appellant's home ran west 1 mile, thence north to appellant's house.

About one-fourth of a mile north of the turn the highway crossed defendant's railroad track at grade.

This grade crossing is the point where the accident occurred. Appellant had been over this road many times; went to Chancellor quite often; was familiar with the road and railroad crossing; had noticed it before, and knew the condition it was in and the obstructions to his vision along the way at the time of the accident.

He went over this road from his house to Chancellor just before noon. He was returning over the same road between noon and 1 o'clock on the same day, and the accident then occurred. The day was clear and bright, the roads dry and hard, appellant was driving a Ford car with the top up, but no curtains on the side. As he sat in the car, his eyes were about 6 feet above the ground. The train that collided with defendant's car was the Running Water passenger train. It had been going east on that road a little after noon for over a year. The railroad track ran practically east and west, and the highway north and south. Appellant testified that in the quarter of a mile lying between the point where the road turned north and the railroad crossing where the accident occurred there was but one space of between 2 and 3 feet where he could have looked west and seen a train at any time; that where the road turned north a cornfield hid the view from the west. North of the cornfield was the 2 or 3 feet open space where he could see west. North of that a wide board hay-rack and wagon hid the view. North of that from a point about 70 feet south of and up to the crossing the highway ran in a cut about 15 feet deep.

He further testified:

"I first looked west when I got to the end of the cornfield and I couldn't see any train there. If a train had been on the track there, I could not see it because of the cornfield. That was a couple of hundred feet from the track.

"As I approached the railroad track and before I reached the company's right of way, I looked for a train. I looked to the west, but I couldn't see any train because I couldn't see over the cornfield. * * * As I came nearer, I listened for a train and looked east. I couldn't see anything to the east because there was

a bank there, and when I looked west the last time I was right on top of the track. * * * When I looked west the last time, the train was there, and it struck me, and it threw the car and me off. Just as soon as I saw it, it struck me.

"Approaching that crossing from the south, you would have to be a couple of feet from the track; you would have to be pretty near right upon the track before you could see an approaching train.

"My car was making the usual noise of a Ford car; was approaching the railroad crossing at 6 miles an hour. I could have stopped the car within about 2 feet. I understood railway trains approaching a public crossing had to ring their bell. On the day of this accident I relied upon the understanding I had that the railway company had to ring their bell or blow their whistle.

"The bell did not ring, and the train did not whistle before my car was struck by the engine."

The above is the undisputed testimony and substantially all the testimony of appellant and his witnesses concerning the accident. Taking appellant's testimony as true, and giving it the most favorable construction to appellant, it is manifest he was approaching a dangerous railroad crossing through a deep cut. The cut and the crossing were well known to him. He well knew he could not see a train coming from the west until he was within 2 feet of the track. Notwithstanding this knowledge, he was driving at the rate of 6 miles an hour. If he had seen the train when his car came within 2 feet of the track, he could not have stopped the car until it reached the track.

Appellant does not claim he looked west when he came within 2 feet of the track. He says when he looked west his car was on the track. He did not see the train until it struck his car. Knowing he could not see a train until within 2 feet of the track, he was negligent in driving at a rate of speed which must carry him within striking distance of a train, if a train was coming, before he could stop his car.

Knowing he could look west and see a train when within 2 feet of the track, he did not look in that direction until his car was on the track. He failed to look and listen where looking and listening would be effective.

We think this case must be ruled by Buboltz v. C., M. & St. P. Ry. Co., 47 S. D. 512, 199 N. W. 782.

■ We approve the following language from 22 R. C. L. 1018, par. 250:

"At an obstructed crossing it is the duty of a traveler to exercise a greater degree of care and caution. than is incumbent upon him usually, and common prudence requires him to approach at such speed that when an approaching train may be seen he may be able to stop and allow it to pass. The greater the danger, the greater the care necessary for him to exercise and the greater caution necessary to constitute ordinary care." Cincinnati, etc., R. R. v. Howard, 124 Ind. 280, 24 N. E. 892, 8 L. R. A. 593, 19 Am. St. Rep. 96; Vincent v. Morgan, 48 La. Ann. 933, 20 So. 207, 55 Am. St. Rep. 287; 33 Cyc. 1018; Young v. So. Pac. Co., 182 Cal. 369, 190 P. 36; Twist v. M., St. P. & S. S. M. Ry. Co., 178 Wis. 513, 190 N. W. 449; Yanaway v. C., R. I. & P. Ry. Co., 195 Iowa 86, 190 N. W. 21; Freie v. St. L. & S. F. Ry. Co. (Mo. App.), 241 S. W. 671; Beckwith v. Spokane International Ry. Co., 120 Wash. 91, 206 P. 921; State ex rel Hines v. Bland (Mo. Sup.), 237 S. W. 1018; Moorehead v. A., T. & S. F. Ry. Co., 27 N. M. 349, 201 P. 1048; Britten v. Grand Trunk, etc., R. Co., 224 Mich. 91, 194 N. W. 416; Wabash Ry. Co. v. Huelsmann (C. C. A.), 290 F. 165; Slusher v. Great Southern Ry Co., 107 Or. 587, 213 P. 420; Cathcart v. O. W. R. & N. Co., 86 Or. 250, 168 P. 308; Reader v. A., T. & S. F. Ry., 112 Kan. 402, 210 P. 1112; Monroe v. C. & A. Ry. Co., 297 Mo. 633, 249 S. W. 644, 257 S. W. 469.

■ Respondent contends he relied on his understanding that the railway company had to ring their bell or blow their whistle and his negligence, if any, was excused by the failure of the company to ring their bell or blow their whistle for this crossing.

In addition to what has been said, we will only say, the failure of the engineer to ring the bell or sound the whistle, if such were the fact, did not relieve the appellant from the necessity of taking ordinary precaution. Negligence of the company's employee is no excuse for negligence on the part of the appellant. Chicago, R. I. & P. Railroad Co. v. Houston, 95 U. S. 697, 24 L. Ed. 542; Erie Ry. Co. v. Kane (C. C. A.), 118 F. 234.

The order granting a new trial is affirmed.

BURCH, P. J., and POLLEY, CAMPBELL, and BROWN, JJ., concur.