Argued October 15; reversed November 5; rehearing denied November 19, 1929

STANLEY H. GOMULKIEWICZ *v.* SPOKANE, PORTLAND & SEATTLE RAILWAY CO.

(281 Pac. 851)

For appellant there was a brief over the name of *Messrs. Carey & Kerr* with an oral argument by *Mr. Charles A. Hart.*

For respondent there was a brief over the name of *Messrs. Powers & Swope* with an oral argument by *Mr. F. E. Swope.*

RAND, J. Plaintiff, while walking in the yards of the defendant company at Vancouver, Washington, was struck by a switch engine. This action was brought to recover for the injuries sustained. The accident happened in broad daylight as plaintiff was walking along but outside of the rails of one of the tracks in the yard and in such proximity to the track that the engine or one of the cars attached to it, in passing, came into collision with him, causing the injuries complained of. He was not an employe of the company but was passing through the yards on his way to his home which adjoined the yards. He had crossed one track and was walking parallel to another track. The engine or car which struck him was approaching from the rear while he was so close to the track that it could not pass without hitting him. Before crossing the first track, he saw the engine and cars and waited for them to pass before crossing. He then stopped, while in the yards, to talk with another person, and then started to walk along the track without looking and, after walking some fifteen steps, was hit and knocked down. There was no roadway at said point, although the testimony shows that a considerable number of persons were in the habit of crossing the yards at said point. There was nothing to obstruct his view. The

switch engine and cars had moved along the track from where plaintiff first saw them to a switch a short distance away and then onto the track alongside of which plaintiff was walking.

At the close of plaintiff's testimony, defendant moved for a judgment of nonsuit and later for a directed verdict, both of which motions were denied. Plaintiff had verdict and judgment for $250. From this judgment the railway company has appealed.

■■ It is defendant's contention that, under the admitted and undisputed facts of the case, plaintiff was guilty of contributory negligence because, without looking to see whether any engine or car was approaching him from the rear, he walked for a distance of 15 steps alongside of and so close to one of the tracks that an engine or car approaching from the rear was bound to hit him as it passed. His own testimony shows that he did not look to see whether any car was moving along the track while walking a distance of 15 steps and that he was familiar with the tracks and the switching operations of defendant. Under these circumstances, we think he was guilty of contributory negligence, precluding a recovery. He was thoroughly familiar with the premises and knew the use which defendant was making of them. He knew he was in a place of danger and that, to avoid injury to himself while in that position, it would be necessary for him to use all of his faculties. His conduct in walking so close to a railroad track in a railroad yard where switching operations were being conducted and without looking to see whether a train was approaching from the rear must be measured by the degree of care which an ordinary prudent person would have exercised under the

same circumstances and the degree of care required is commensurate with the danger involved: *Morser v. Southern Pacific Co.,* 124 Or. 384 (262 P. 252).

The evidence of plaintiff himself shows that he did not exercise the care that a reasonably prudent person would exercise under like circumstances to protect himself from the danger of being hit by the approaching engine and cars. His own negligence, therefore, was the proximate cause of his injury for which he can not recover under the admitted facts of the case.

■ It is settled law in this state that a person who goes upon a railroad track without looking or listening for approaching trains is guilty of contributory negligence and that such conduct is negligence *per se* and will bar recovery for an injury received from a collision with a train at a railroad crossing: *Durbin v. Oregon Railroad & Nav. Co.,* 17 Or. 5; *McBride v. Northern Pac. R. R. Co.,* 19 Or. 64 (23 P. 1814); *Blackburn v. Southern Pacific Co.,* 34 Or. 215 (55 P. 225); *Hecker v. Oregon Railroad Co.,* 40 Or. 6 (66 P. 270); *Kunz v. Oregon Railroad & N. Co.,* 51 Or. 191 (93 P. 141); *Cathcart v. O.-W. R. & N. Co.,* 86 Or. 250 (168 P. 308); *Long v. Pacific Ry. & Nav. Co.,* 74 Or. 502 (144 P. 462); *Olds v. Hines,* 95 Or. 591 (188 P. 716); *Slusher v. Great Southern Railroad Co.,* 107 Or. 587 (213 P. 420); *Morser v. Southern Pacific Co.,* 110 Or. 9 (222 P. 736); 124 Or. 384 (262 P. 252).

■ In the Long case, it was held that a person walking along a railroad track without looking back to see if a train was approaching was guilty of negligence as a matter of law, precluding a recovery for injuries sustained from a train approaching from the rear.

The rule which requires a person, upon crossing a rail-road track at a crossing, to look and listen for approaching trains applies with as much, if not more, force to one walking upon the track or by the side of a track close enough to be struck by a passing train in railroad yards where switching operations are being conducted and where cars are being constantly moved from track to track. Under such circumstances, it is the duty of a pedestrian to watch out for his own safety and if he fails to exercise due care upon his part by looking and listening for approaching trains and injury results from such failure, it is his own fault and he can not recover even though the company itself is negligent in failing to ring a bell or give warning of the movement of the train. It was so held in the Long case and we think that the doctrine there announced is controlling here. As shown by his own evidence, as well as by the whole evidence in the case, plaintiff's own negligence was the proximate cause of his injury.

For these reasons, it was error for the circuit court to deny defendant's motion for a judgment of nonsuit and its motion for a directed verdict. The judgment will, therefore, be reversed and the cause will be remanded with directions to enter a judgment dismissing the action.

REVERSED AND REMANDED WITH DIRECTIONS.

BROWN and BELT, JJ., did not participate in this opinion.