## Rosenthal *v.* Philadelphia Phonograph Co., Appellant.

*Negligence—Automobiles — Pedestrians — Crossing at corner— Contributory negligence—Case for jury—Control of machine.*

1. Vehicles have the right of way on the portion of the highway set apart for them, but at crossings all drivers, particularly of motor vehicles, must be highly vigilant and maintain such control that, on the shortest possible notice, they can stop their cars so as to prevent danger to pedestrians.

2. Where a pedestrian at a crossing steps from the curb to the cartway and proceeds three steps, when he is struck by an automobile turning from another street around the corner, the question as to whether the driver had his car under control, is for the jury.

3. In such case, if plaintiff testifies that he looked on all sides before leaving the curb, and saw no car approaching, the court cannot declare as a matter of law that he was guilty of contributory negligence, but must leave the question to the jury.

Argued March 28, 1922. Appeal, No. 375, Jan. T., 1922, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1920, No. 6814, on verdict for plaintiff, in case of Kauffman Rosenthal v. Philadelphia Phonograph Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SADLER, JJ. Affirmed.

Trespass for personal injuries.  Before McCullen, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,500.  Defendant appealed.

*Error assigned,* among others, was refusal of judgment for defendant n. o. v., quoting record.

*Ralph B. Evans,* of *Evans, Bayard & Frick,* for appellant, cited: Flanigan v. McLean, 267 Pa. 553; Twinn v. Noble, 270 Pa. 500; Lessig v. T. & L. Co., 270 Pa. 299.

*Henry J. Scott,* with him *Harry E. Apeler,* for appellee, cited: Anderson v. Wood, 264 Pa. 98; Virgilio v. Walker, 254 Pa. 241; Mackin v. Patterson, 270 Pa. 107; Schweitzer v. Cab Co., 269 Pa. 291.

Opinion by Mr. Justice Sadler, April 24, 1922:

This action was brought to recover damages for injuries sustained by plaintiff, who was struck by defendant's automobile.  Between six and seven o'clock on a January evening, he was crossing from the northwest to the southwest corner of Seventh and Arch streets, in the City of Philadelphia, and, when the accident happened, had advanced about three steps from the curb, at the place provided for pedestrians, following others moving in the same direction.  The truck of defendant had come north on Seventh Street, and turned into Arch, striking Rosenthal and inflicting his injuries.

A statement of claim was filed, in which plaintiff averred negligence by defendant in running the car at an excessive speed, and without giving due warning of its approach.  No evidence was produced at the trial to establish the correctness of either of these allegations, and the court below properly refused to permit the jury to consider them.  A further charge was made, that the machine was not under proper control, and operated without due regard for the safety of those making lawful

use of the public crossing. Plaintiff and two witnesses testified to the facts as already narrated. According to the testimony of the former, he looked, before leaving the curb, and saw no machine approaching. In defense, medical testimony alone was offered. At the conclusion of the trial, binding instructions were asked for defendant, on the ground of insufficiency of the evidence to show any negligence. This application was refused, as was a motion for judgment n. o. v., after a finding for plaintiff. From the judgment entered on the verdict, this appeal is taken.

The legal principles controlling the present case have been the subject of frequent discussion in recent cases. In Virgilio v. Walker, 254 Pa. 241, 245, it was said, in part: "Vehicles have the right of way on the portion of the highway set aside for them, but at crossings all drivers, particularly of motor vehicles, must be highly vigilant and maintain such control that, on the shortest possible notice, they can stop their cars so as to prevent danger to pedestrians." A like declaration is to be found in Anderson v. Wood, 264 Pa. 98, and Twinn v. Noble, 270 Pa. 500. It is true, the mere happening of the accident does not prove defendant's negligence (King v. Brillhart, 271 Pa. 301), but there was proof, in the present case, of other facts, which made necessary the determination of the question by the jury, and justified its finding. Plaintiff was at a place upon the highway where he had a right to be, and it was the duty of defendant's driver, in making the turn from one street into the other, to be observant, and act with the due caution such circumstances made requisite. As was said in Schweitzer v. Quaker City Cab Co., 269 Pa. 291, 293: "The jurors might well have found, as they no doubt did, that since the accident happened at a street crossing, defendant's chauffeur did not have his automobile under the control which the rules of law and reasonable care require at such a point."

Nor could the court have given binding instructions because of contributory negligence of plaintiff, who was injured while upon the crossing provided for pedestrians, and had advanced three steps. Before leaving the curb, according to his testimony, he looked on all sides, and saw no car approaching; whether correct in his statement was for the jury, under the facts disclosed. If the evidence indicated a stepping from the sidewalk directly in front of a moving machine, or the facts showed this must have happened, binding instructions should have been given, but here plaintiff had committed himself to the crossing, and had the right to believe passing vehicles would have due regard for the safety of those moving forward. Under these facts, the court could not declare, as a matter of law, no recovery could be had. Such was held in Anderson v. Wood, supra, where the pedestrian was struck in attempting to cross the highway, at a point between regularly established passageways. There is more reason for so holding here: Mooney v. Kinder, 271 Pa. 485.

Though the evidence produced could well have been amplified, to make more clear the exact situation, yet we are not prepared to say there were not sufficient facts proven to justify a jury in finding a verdict for plaintiff. This was the view taken by the learned court below, and the assignments of error, relating solely to its refusal to give binding instructions for defendant, and to enter judgment n. o. v., must be overruled.

The judgment is affirmed.