. Parznik *v.* Central Abattoir Co., Appellant.

*Negligence—Automobiles—Running down child—Passing standing street car—Pedestrians—Question for jury.*

1. It is the duty of a driver of an automobile, to be highly vigilant in approaching a crossing, and to maintain such control of his car that, on the shortest possible notice, it can be brought to a standstill, and thus avoid injuring passengers; whether he performs this duty is purely a question for the jury.

2. The above rule is particularly applicable where the automobile was driven past a standing street car, and the person struck was in plain view of the driver.

*Negligence—Automobiles—Injury to minor child—Contributory negligence of parent.*

3. The courts cannot say as a matter of law that, permitting a six-year-old boy to go unaccompanied two squares from his home to attend school, is negligence on the part of a parent.

Argued September 29, 1925. Appeal, No. 46, Jan. T., 1926, by defendant, from judgment of C. P. Berks Co., April T., 1925, No. 30, on verdict for plaintiffs, in case of Joseph Parznik, by his father and next friend, Matis Parznik, and Matis Parznik in his own right, v. Central Abattoir Co. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Trespass for personal injuries to a boy six years old. Before RENO, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for Joseph Parznik for $3,500, and for Matis Parznik for $6,500.  Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting the record.

*E. H. Deysher,* with him *C. H. Ruhl,* for appellant, cited: Woeckner v. Motor Co., 176 Pa. 451; Pletcher v. Traction Co., 185 Pa. 147; Tatarewicz v. Traction Co., 220 Pa. 560; Fink v. Traction Co., 224 Pa. 618; Hestonville Pass. Ry. v. Connell, 88 Pa. 520; Silberstein v. Showell-Fryer Co., 267 Pa. 298; Chilton v. Traction Co., 152 Pa. 425; Kline v. Traction Co., 181 Pa. 276; Miller v. Traction Co., 198 Pa. 639; Sontgen v. Ry., 213 Pa. 114; Callary v. Transit Co., 185 Pa. 176; Severino v. Traction Co., 236 Pa. 258; Eastburn v. Express Co., 225 Pa. 33; Kierzenkowski v. Traction Co., 184 Pa. 459; Cominskey v. Ry., 4 Pa. Superior Ct. 631.

*William Charles Brown,* with him *E. Carroll Schaeffer,* for appellees, cited: Laubach v. Colley, 283 Pa. 366; Pittsburgh, etc., Ry. v. Pearson, 72 Pa. 169; Yeager v. Gately, 262 Pa. 466; Evers v. Traction Co., 176 Pa. 376; Jones v. Traction Co., 201 Pa. 346; McKinney v. R. R., 247 Pa. 217; Zimmerman v. Younker, 84 Pa. Superior Ct. 36.

OPINION BY MR. JUSTICE FRAZER, November 23, 1925:

Plaintiff sued on behalf of his minor son and in his own right to recover damages for injuries to the son, resulting from being struck by defendant's motor truck. The trial resulted in a verdict for both plaintiffs.  Motions were made for new trial and for judgment non obstante veredicto; the former was withdrawn and the latter dismissed by the court below.  The only questions

raised on this appeal are whether there was sufficient evidence of defendant's negligence to sustain the verdict, and whether the court should have held the father negligent, as matter of law, in permitting the child to be on the street without an attendant.

The injured child was, at the time of the accident, about six years old, and on his way home from school. The parties reside in the City of Reading and the boy passed along Willow Street to its intersection with Sixth Street in that city, at which point he started to cross to the opposite side of the street. At the intersection of these streets there is no defined crossing for pedestrians, both streets being paved from curb to curb, including the space used by pedestrians in crossing from one side to the other. A trolley car was standing on Sixth Street with one platform extending to or slightly over the space used by pedestrians in crossing the street. In fact, there is testimony that the platform partly obstructed the footway, making it necessary for pedestrians to leave the usual place for crossing and pass around the standing car. The child, in crossing this part of the street, mounted the platform of the car and descended from the other side into the roadway, testifying that as he did so he looked in both directions, and observing no vehicle approaching, started from the car to the opposite sidewalk. He had taken four or five steps and reached approximately half way across the roadway when struck by defendant's truck which came down Willow Street at a speed estimated at from eighteen to twenty miles an hour and turned into Sixth Street from behind the standing car, passing at its left instead of the right. The child was struck by the front end of the truck, and knocked down, the machine passing over him without the wheels inflicting injury, and running fifteen feet beyond the boy before stopping.

While the evidence is conflicting, the above statement is supported by testimony given on behalf of plaintiffs which, for the purpose of this opinion, must be assumed

to be true. Under these facts it was clearly for the jury to say whether defendant's driver exercised the care imposed on him in approaching the crossing and passing to the left around the standing trolley car. Aside from the question of speed, if the child had gone several steps, as the evidence on behalf of plaintiffs show, and was part way over the street at the crossing used by pedestrians, he was surely in plain view of the driver of the truck immediately before the accident. It was the duty of the driver, as stated in a number of recent decisions of this court, to be highly vigilant in approaching the crossing and to maintain such control of his truck that, on the shortest possible notice, it could be brought to a standstill and thus avoid injuring pedestrians: Virgilio v. Walker, 254 Pa. 241; Anderson v. Wood, 264 Pa. 98; Rosenthal v. Phila. Phonograph Co., 274 Pa. 236. Whether he performed this duty was purely a question for the jury.

Defendant contends that the father was guilty of contributory negligence in permitting the child to be on the street unattended. The child, a pupil at a near-by school, was, at the time of the accident, returning to his home during the noon hour. We cannot say, as matter of law, that permitting a six-year-old boy to go unaccompanied two squares from his home to attend school is negligence on the part of the parent. Whether it is or not is a question for the jury under all the attending circumstances: McKinney v. B. & O. R. R., 247 Pa. 217, 221. In addition to this, we cannot say, as matter of law, that there was negligence on the part of the child which could be imputed to the father, because, under the plaintiff's testimony, the child took every precaution the law requires of an adult before attempting to cross the street, if a child of tender years were capable of negligence under any circumstances.

Judgment affirmed.