Argued January 24, affirmed February 7, 1928.

## MARY E. HINCKLEY *v.* JOSEPHINE MARSH ET AL.

(263 Pac. 886.)

**Damages—General Allegation of Permanent Injury Held to Warrant Proof of Plaintiff's Physical Condition Since Injury.**

1. Allegation that plaintiff had been "rendered permanently sick and sore" *held* to render admissible evidence of her condition since injury, as against objection that no permanent injury was alleged.

**Municipal Corporations—Pedestrian Struck by Automobile While Crossing Street Held not Contributorily Negligent as Matter of Law.**

2. Under evidence in action for injury to pedestrian who stepped from curb into part of street used for vehicle traffic, and who while crossing street was struck by automobile, *held* it could not be said as matter of law that she was guilty of contributory negligence so as to authorize granting of nonsuit.

**Appeal and Error—Verdict on Question of Fact Resulting from Conflicting Testimony is Binding on Court.**

3. Verdict of jury rendered on question of fact resulting from conflicting testimony is binding on the court.

**Trial—Instructions Considered as Entirety Held to Clearly Define Obligations and Privileges of Automobile Drivers and Pedestrians at Crossings.**

4. In action by pedestrian against driver of automobile for injuries which she sustained while crossing street, objection to instructions based on language of court to effect that ordinary care on part of driver of an antomobile exceeds that of ordinary

---

3. See 2 R. C. L. 194.

care on part of pedestrian for reason that an automobile, if not properly handled, is dangerous machine, *held* without merit, when instruction considered as whole clearly defined relative ·obligations and privileges of automobile drivers and pedestrians.

**Evidence—It is Common Knowledge That Great Number of Pedestrians are Killed Annually on Streets in Collisions With Automobiles.**

5. It is common knowledge that great number of pedestrians are killed annually on streets of our cities in collisions with automobiles.

---

Appeal and Error, 4 C. J., p. 858, n. 3.
Damages, 17 C. J., p. 1012, n. 35.
Evidence, 23 C. J., p. 59, n. 22.
Motor Vehicles, 42 C. J., p. 1155, n. 62, p. 1268, n. 17, p. 1274, n. 89, p. 1275, n. 95, p. 1276, n. 11.

From Multnomah: WALTER H. EVANS, Judge.

Department 1.

Plaintiff sued defendants for damages she claims to have suffered as a result of a collision with an automobile driven by defendant Josephine Marsh. The collision occurred at the intersection of Division and 37th Streets in the City of Portland. Defendants are charged with carelessly and negligently driving their automobile at a high rate of speed, failing to keep a lookout and neglecting to sound the horn or otherwise warn plaintiff. Plaintiff recovered judgment based upon a verdict, and defendants appeal.

Errors assigned are based on the ruling of the court in admitting testimony, denying defendants' motion for a nonsuit and three instructions given by the court in the following language:

"A person driving an automobile is driving a machine capable of doing great damage if not handled in a careful and prudent manner, therefore it takes more care on the part of the driver of an automobile to amount to reasonable care in the situation than is required of a pedestrian walking along the highway. * *

"More care is required of an automobile than of a pedestrian at a street crossing. * *

"If the pedestrian observes vehicles in the street at such a distance from the intersection that would lead a reasonable person to believe he can safely cross before the arrival of such vehicle, he has a right to cross, and if the driver of the vehicle, after the pedestrian has entered the intersection and is engaged in crossing, finds that if he continues his rate of speed and crosses without slackening his speed or without swerving from his course, a collision will result, it is then the duty of the driver of the automobile to have his car under such control that he can slacken his speed, or turn from his course so as to avoid a collision and if he neglects to do so and a collision occurs as a result thereof, then the driver of such vehicle is liable for damages resulting therefrom."

AFFIRMED.

For appellants there was a brief over the names of *Mr. F. S. Senn* and *Mr. John Hall,* with an oral argument by *Mr. Senn.*

For respondent there was a brief over the name of *Messrs. Lord & Moulton,* with an oral argument by *Mr. William P. Lord.*

COSHOW, J.—1. Defendants complain because the witness, Beulah Hinckley, was permitted to answer the following question:

"And will you tell the jury how your mother has been since she was hurt, as compared with her condition before?"

The objection was based on the ground that there was no claim for permanent injury in the complaint. The complaint contains this allegation:

" * * and she has been rendered *permanently* sick and sore."

That is sufficient allegation of permanent injuries to sustain the ruling of the court.

2, 3. Defendants moved for a judgment of nonsuit upon the ground that the evidence presented was not sufficient to establish negligence on the part of defendants and on the further ground that evidence on the part of the plaintiff establishes contributory negligence. The evidence on the part of plaintiff shows that she was struck while in the center of the street when crossing Division Street. Plaintiff herself testified to that fact and she was supported by the testimony of another witness who was disinterested. Plaintiff also testified that when she stepped down from the curb into the part of the street set apart for vehicle travel she saw the automobile of defendants approaching at quite a distance away and believed she had plenty of time to cross. As she got near the center she looked up and saw the car approaching at a rapid rate of speed but thought there was ample room for the car to cross between her and the curb in front of her. The street set apart for vehicle travel was forty feet wide.

Defendant's testimony tended to show that plaintiff was crossing the street diagonally and started to run as the automobile approached her and that she ran into the side of the automobile. This conflicting testimony submitted a question of fact to be decided by the jury. The jury's verdict is binding on the court. The court could not say, as a matter of law, that the plaintiff was guilty of negligence in attempting to cross the street under the circumstances testified to by her and the other witnesses: *Casto* v. *Hansen,* 123

Or. 20 (261 Pac. 428); *Nisley* v. *Sawyer Service, Inc.,* 123 Or. 293 (261 Pac. 890).

4. The objections to the instructions are based on the language of the court to the effect that ordinary care on the part of the driver of an automobile exceeds that of ordinary care on the part of a pedestrian, for the reason that an automobile, if not properly handled, is a dangerous machine. The court carefully and at great length explained to the jury that both the driver of an automobile and a pedestrian are required to use ordinary care to avoid a collision on the highways. In this connection the court explained to the jury that ordinary care was such care as a person of ordinary prudence would exercise under such circumstances—that ordinary care was a relative term, depending upon the peculiar circumstances of each particular case. In this behalf the court said:

"Now, as I have instructed you, it is the duty of every person seeking to cross a street or highway to look in every direction upon said street or highway to see if vehicles are approaching and to so conduct himself as to avoid collision, if possible, and if he fail to do so such failure is negligence and the party injured while so doing cannot recover. * *

"What is reasonable care as used in connection with the definition of negligence and contributory negligence? Reasonable care is defined to be that degree of care corresponding to the danger involved. It is not the same in all cases. The term is relative, and its application depends upon the situation of the parties and the degree of care and vigilance which the circumstances reasonably impose. Where the danger is great a high degree of care is necessary, and the failure to observe it is a want of reasonable care under the circumstances. What constitutes reasonable care and prudence depends upon the circumstances

of the particular case. The greater the danger the more precautions and the greater the vigilance that will be necessary to constitute such care."

5. No exceptions were taken to the instructions last quoted. The instructions objected to by appellants, when considered with the context, a part of which is quoted above, were not objectionable. Every ordinary man exercises greater care when handling a dangerous instrumentality than when handling an instrumentality not capable of doing bodily harm. What would be ordinary care in dealing with sand and gravel might be gross carelessness in handling dynamite. The instructions taken as an entirety clearly define the relative obligations and privileges of automobile drivers and pedestrians at street crossings. The court defined the degree of care required to be the same for automobile drivers and pedestrians, except that damage resulting from improperly using an automobile is more imminent than the danger resulting from the improper conduct of a pedestrian on the street. It is common knowledge that a great number of pedestrians are killed annually on the streets of our cities in collisions with automobiles. We have yet to hear of the first instance where an automobile has been seriously damaged by colliding with a pedestrian. In the sense the court used the terms objected to by defendants, as shown by the context and the instructions as a whole, error was not committed. The instructions as a whole are not objectionable.

"While the same degree of care is imposed on both the auto driver and the pedestrian, the amount of care may be different, for it may be said that the autoist is bound to exercise a greater amount of care." Huddy on Automobiles (5 ed.), 569, § 454.

*Weihe* v. *Rathjen Merc. Co.*, 34 Cal. App. 302 (167
Pac. 287); *Courviosier* v. *Burger*, 61 Cal. App. 470
(215 Pac. 93); Berry on Automobiles (4 ed.), 302–
309, §§ 314, 315, 317, 318; *Marsters* v. *Isensee*, 97 Or.
567 (192 Pac. 907); *Yarbrough* v. *Carlson*, 102 Or.
422, 429 (202 Pac. 739); *Nisley* v. *Sawyer Service,
Inc.*, above; *Casto* v. *Hansen*, above; *Twinn* v. *Noble*,
270 Pa. 500, 502, 503 (113 Atl. 681); *Rosenthal* v.
*Philadelphia Phonograph Co.*, 274 Pa. 236 (117 Atl.
790).

The judgment is affirmed.    Affirmed.

Rand, C. J., and McBride and Rossman, JJ., concur.