## Michael v. Kirchner.

*Harold G. Ripple* and *Charles W. Eaby*, for plaintiffs.
*William C. Rehm* and *Willis G. Kendig*, for defendant.

LANDIS, P. J., July 7, 1928.—The accident out of which the present suit arose occurred on Jan. 26, 1926, about 5 o'clock in the afternoon. The day was clear and it was yet daylight. A truck belonging to the defendant and driven by his employee came southwardly along Duke Street, and when it got to Dauphin Street, which is an intersecting street running east and west, it made a left-hand turn and struck little James Y. Michael, a boy about three or four years old, on the crossing. He was about three feet from the curb. It was testified by witnesses for the plaintiffs that the truck came down Duke Street, and a trolley car also came down and turned at Dauphin Street, and that the truck, while not going very fast (fifteen or twenty miles an hour), struck the boy. The only questions arising are whether there was sufficient evidence to sustain the verdict and whether a certain amendment made to the pleadings on the trial should have been disallowed.

The accident happened at a street crossing on South Duke Street over Dauphin Street. The law as to the duty of the driver at a street crossing is laid down in Parznik *v.* Central Abattoir Co., 284 Pa. 393. Frazer, J., in delivering the opinion of the court, said: "It was the duty of the driver, as stated in a number of recent decisions of this court, to be highly vigilant in approaching the crossing and to maintain such control of his truck that on the shortest possible notice it could be brought to a standstill and thus avoid injuring pedestrians: Virgilio *v.* Walker, 254 Pa. 241; Anderson *v.* Wood, 264 Pa. 98." In Rosenthal *v.* Philadelphia Phonograph Co., 274 Pa. 236, it was held that "vehicles have the right of way on the portion of the highway

set apart for them; but at crossings all drivers, particularly of motor-vehicles, must be highly vigilant and maintain such control that on the shortest possible notice they can stop their cars so as to prevent danger to pedestrians." In Schweitzer v. Quaker City Cab Co., 269 Pa. 293, it was said: "The jurors might well have found, as they no doubt did, that, since the accident happened at a street crossing, defendant's chauffeur did not have his automobile under the control which the rules of law and reasonable care required at such a point."

In an action to recover damages for personal injuries, the case is for the jury where the issue is one of fact as to the exact manner in which the plaintiff was struck by, or came into collision with, the defendant's automobile: Sweeney v. Floyd, 90 Pa. Superior Ct. 14. And on a motion by defendant for judgment non obstante veredicto, the testimony should not only be read in the light most advantageous to plaintiff, all conflicts being resolved in his favor, but he must be given the benefit of every fact and inference of fact pertaining to the issues involved which can reasonably be deduced from the evidence: Mountain v. American Window Glass Co., 263 Pa. 181. See, also, Dunbar v. Preston, 285 Pa. 502; Scalet v. Bell Telephone Co., 291 Pa. 451. Therefore, under the facts of this case, it is clear to me that, in view of the evidence presented on behalf of the plaintiffs, it could not have been withdrawn from the jury. No objection has been made as to the manner of the submission to the jury.

It was objected on the trial that the parent could recover no damages because the child was permitted to be unattended on the public streets. In Dattola v. Burt Bros., Inc., 288 Pa. 134, this same question was discussed. It was there said: "Parents are presumed to do their duty, and the mere fact that a child of tender age is momentarily found alone in a public street does not as matter of law establish the contrary. The mere happening of an accident neither proves negligence nor contributory negligence. Knowingly to permit a small child to wander unprotected upon city streets is want of care; but here the record is barren of any evidence of such permission. The presence of a child upon the street may be the result of parental negligence or in spite of its vigilance, and, in the absence of any explanation, a court cannot declare it the former. The question of parental care, or the lack of it, is one of fact and usually for the jury." Upon the trial of the present case, that question was, I think, fairly and fully submitted to the jury, who were told that, if the boy "got out with her (the mother's) assent, or remained out unattended for a considerable time after she saw him on the street, that would be contributory negligence which would prevent the father from recovering in this case."

In the original statement, it was averred that the defendant's delivery truck "was standing on Dauphin Street, with the rear end of the truck towards Duke Street;" that "when the said James Y. Michael was going over the crossing on Dauphin Street, the driver of defendant's truck, negligently and without warning, started the truck backward at a rapid and excessive rate of speed, and struck the said James Y. Michael." As the trial proceeded, it was ascertained that this was not the manner in which the accident happened. Thereupon the plaintiffs moved to amend their statement so that it might read that "the defendant, by his servant or employee, carelessly, recklessly and negligently made a left turn at Dauphin and Duke Streets intersection at a high and improper manner, at an illegal rate of speed, without warnings, and in so doing ran down and injured James Y. Michael, one of the plaintiffs, a child three years old, while on the Dauphin Street crossing." The

court allowed the amendment, under objection made by the defendant, and the case then proceeded. I think the amendment was properly made. It did not introduce a new cause of action, and that is the test. In Rochester Borough v. Kennedy, 229 Pa. 251, it was held that "a plaintiff may amend his declaration at any time during the trial, provided only that he does not introduce a new cause of action." In Doyle's Estate, 291 Pa. 263, it is said: "Likewise, amendments to permit the correction of jurisdictional defects in the pleadings are permitted. . . . Such alterations of pleadings or parties are to be liberally allowed, unless there be a resultant change in the cause of action." See, also, Nevin v. Catanach, 264 Pa. 523. In Armstrong & Latta v. City of Philadelphia, 249 Pa. 39, it is said: "An amendment which merely introduces an additional element of damages drawn out of the same circumstances may be allowed at any time, as it does not introduce a new cause of action." In Jackson v. Gunton, 26 Pa. Superior Ct. 203, Rice, P. J., delivering the opinion of the court, said: "The cause of action is the particular matter for which the suit is brought, and when the object of an amendment is not to forsake this, but to adhere to it and effect a recovery upon it, it is the duty of the court, when the merits of the case cannot otherwise be reached, to permit the amendment. . . . In actions ex delicto, the rule is the same. The foundation of the complaint laid in the declaration must be adhered to, although the mode of stating that complaint or setting out the circumstances and consequences of the injury may be varied by amendment: Knapp v. Hartung, 73 Pa. 290."

In my judgment, this case was properly tried, and I see no good reason for granting this motion. The motion for judgment for defendant non obstante veredicto is, therefore, overruled. Motion overruled.

From George Ross Eshleman, Lancaster, Pa.