Argued June 21; affirmed·July 8, 1932

# VANDEVERT *v.* YOUNGSON ET AL.

(12 P. (2d) 1029)

*Jay H. Upton,* of Bend, for appellant.

*E. L. McDougal,* of Portland (Lawrence Lister, of Portland, on the brief), for respondents.

CAMPBELL, J.  At about 11 o'clock on the evening of June 13, 1930, plaintiff while crossing 52d street, near 39th avenue, in Portland, was struck and injured by an automobile owned and occupied by defendant, W. W. Youngson, and driven by his son, the other defendant, W. W. Youngson Jr., at the time of the accident.

On July 18, 1930, plaintiff filed his complaint alleging that the defendants were negligent and careless in operating the automobile at the time and place of the accident, by driving the automobile at a speed in excess of thirty miles an hour in willful disregard of the rights of others without due caution or circumspection and at a speed and in a manner so as to, or likely to, endanger those who were then, or might then be crossing 52d street and particularly plaintiff; that such negligence was the proximate cause of plaintiff's injury.

Defendants, in their answer, deny all acts of negligence on their part, and affirmatively allege that plaintiff was negligent at the time and place of the accident in failing to exercise his senses of observation

and hearing; or to observe traffic; or to yield the right of way; and in recklessly and carelessly crossing said street at said time.

Plaintiff in his reply, denies the new matter in the answer.

These are the only issues that are material at this time.

The case was tried to a jury who returned a verdict for defendant.

Plaintiff appeals and assigns the following errors:

1. That the court erred in failing to give plaintiff's requested instructions Nos. 6, 7, 8, 9, 10.

2. That the court erred in failing to give plaintiff's requested instructions Nos. 2, 3, 4, 5.

The plaintiff and the defendants, on the evening in question, attended the graduation exercises at the Franklin High school. There was a large attendance at the exercises, and, when over, the people came out of the building and on the street, going either to their automobiles or to their homes on foot. Defendants claim that they were later in leaving the building than the general audience and when they came on the street in their machine there was no one in the vicinity of the scene of the accident except plaintiff and his party, which consisted of about half a dozen people. There was no intersection of streets where plaintiff undertook to cross, but plaintiff claims that it was a place at which people were accustomed to cross. This is denied. There is no evidence tending to show that, if it were a place where people were accustomed to cross between intersections, defendants or either of them knew of such a custom.

██ The plaintiff timely requested ten separate instructions, only one of which was given in a manner satisfactory to plaintiff.

Plaintiff's Requested Instruction No. 6 reads:

"Drivers on streets in the city, are not only bound to look to the right and left of them, but also to look ahead of them in order to avoid collisions with other cars and as well as to avoid running over pedestrians who are crosing in front of them.

"If a traveller not having the right of precedence, comes to the street and finds no one approaching it upon the street within such distance as reasonably to indicate danger of interference or collision he is under no obligation to stop or wait, but may proceed to cross as a matter of right."

The principles announced in the first paragraph are sufficiently covered in the general charge defining what constitutes negligence. There is no allegation in the pleadings that either plaintiff or defendant was negligent in not stopping and waiting before entering upon the street. The instruction would be merely an abstract proposition of law and, though correct, should not have been given in the instant case: *Schrunk v. Hawkins,* 133 Or. 160 (289 P. 1073); *Bloomquist v. La Grande,* 120 Or. 19 (251 P. 252); *Geldard v. Marshall,* 47 Or. 271 (83 P. 867, 84 P. 803).

Plaintiff's Requested Instruction No. 7 reads:

"The rights of drivers of motor vehicles and of pedestrians in making use of the streets are equal and reciprocal and each must exercise due care. No pedestrian has a right to pass over a public street unmindful of his surroundings and without regard to approaching vehicles, and it is equally the duty of the driver to pay attention to pedestrians when approaching them, and neither is called upon to anticipate negligence on the part of the other. It is the duty of the pedestrian to look for approaching automobiles before starting across the street, but after he starts across the street, he is not required to look continually for the approach of motor

vehicles. If, as he leaves the curb, he looks for the approach of machines, and fails to see one approaching, he is not required to keep a continuous outlook or in looking a second time, but he may assume that he has sufficient time to cross the street and the machine will not run him down. He must, of course, exercise a reasonable degree of caution, be on his guard to avoid injury and should use the same degree of alertness as a reasonably careful man would use.

"If you find that the plaintiff was engaged in crossing East 52nd Street at a point used generally for crossing 52nd Street and that he had proceeded several paces from the curb before the defendant reached the place where he was crossing, then I instruct you that it was the duty of the defendants to have their automobile under such control as to reasonably and efficiently yield to the plaintiff the right to use the crossing first acquired by him. If the defendants failed to do so they would be negligent."

There is no allegation in the complaint that the defendant was negligent in not having his car under control, so the last paragraph of the foregoing instruction would be an abstract proposition of law not applicable to the instant case, and the other portions of it were sufficiently covered by the instructions given. The last paragraph would not be a correct statement of the law unless plaintiff was crossing at an open intersection of streets, or, if not, that defendants had knowledge of, or by the exercise of reasonable care should have known, that the crossing, being used by plaintiff at the time of the accident, was one generally used by the public; *Barringer v. Ziegler,* 241 Mich. 83 (216 N. W. 417).

That part of the plaintiff's requested instruction, "He is not required to keep a continuous outlook or in looking a second time," was not a correct statement of

the law as applicable to the instant case. Plaintiff was crossing a street not at an intersection: *Bakkum v. Holder,* 135 Or. 387 (295 P. 1115).

In covering the question, the court instructed the jury:

"Now the rights, duties and responsibilities of persons using the highway, whether they are using it with automobiles or using it as pedestrians, I say the rights of pedestrians and the operator of an automobile are mutual and reciprocal. The highway is intended for the use of all persons, but it must be used in accordance with the rules of the road.

"If you find that his (plaintiff) conduct was that of an ordinarily prudent person in that he did observe and exercise that degree of care and precaution which the circumstances required, and you find that he was in the exercise of that care to which I have called your attention, that he made the proper observations, he had a right to assume, in crossing, that the other parties were in the exercise of ordinary care and that they were driving their car at a lawful rate of speed, he had a right to take into consideration the entire situation and his conduct is to be measured by that of an ordinarily prudent person."

Plaintiff's Requested Instruction No. 8 reads as follows:

"A person in driving an automobile is driving a machine capable of doing great damage if not handled in a careful and prudent manner; therefore takes more care on the part of a driver of an automobile to amount to reasonable care in the situation than is required of a pedestrian walking along the highway.

"If the pedestrian observes vehicles in the street at such distance from the crossing that would lead a reasonable person to believe that he could safely cross before the arrival of such vehicle, he has a right to cross, and if the driver of the vehicle, after the pedestrian has entered the street and is engaged in crossing,

finds that, if he continues his rate of speed and crosses without slackening his rate of speed or without swerving from his course a collision would result, it is then the duty of the driver of the automobile to bring his car under control so he could slacken his speed and turn from his course so as to avoid a collision, and if he neglects to do so and a collision occurs as a result therefrom then the driver of the vehicle is liable for damages resulting therefrom.''

■ The first paragraph of this requested instruction is not a statement of law, but a statement of fact, and in *Hinckley v. Marsh,* 124 Or. 1 (263 P. 886), received a qualified approval, ''in this connection, the court explained to the jury that ordinary care was such care that a person of ordinary prudence would exercise under such circumstances—that ordinary care was a relative term depending upon the circumstances of each particular case.''

■ The second paragraph of the instruction has no application to the facts in the instant case. The claim of the plaintiff is that when he was about to cross 52d street he looked to the right and to the left and did not observe any vehicle on the highway.

Plaintiff's Requested Instruction No. 9 reads:

''The right of precedence at the intersection of two streets given by law, has no proper application, except when two vehicles on an intersecting highway approach at a crossing at the same time and at such rate of speed that if both proceed without regard to the other, a collision between them is to be reasonably apprehended. In such case, it is the right of the one having the precedence to continue his course and it is the duty of the other to yield to him the right of way. But if a pedestrian not having right of precedence comes to a crossing and finds no one approaching it upon the highway within such distance as to reasonably indicate danger

of collision he is under no obligation to stop or to wait but may proceed to use such crossing as a matter of right. That is, he would have the right of way to proceed to cross and in doing so, would not be guilty of negligence.''

■ The first two sentences of this instruction apply to the law of precedence between vehicles at street intersections and are not applicable to the instant case: *Yarbrough v. Carlson,* 102 Or. 422 (202 P. 739). The latter part of the instruction is covered by our remarks on Requested Instruction No. 6.

Plaintiff's Requested Instruction No. 10 reads:

''If the pedestrian observes vehicles in a street at such distance that would lead a reasonably prudent person to believe that he could safely cross before the arrival of such vehicle, he has the right to cross such street and if the driver of the vehicle, after the pedestrian is engaged in crossing finds that if he continues his rate of speed and crossing without slackening his speed or without swerving from his course a collision will result with the pedestrian, it is then the duty of the driver of the automobile to have his car under such control that he could slacken his speed or turn from his course as to avoid a collision with the pedestrian, and if the driver of the car neglects to do so and a collision occurs as a result thereof, then the driver of such vehicle is negligent.

''No person or class of persons or privately owned vehicles has any exclusive right to the use of the streets. Each thereof have reciprocal rights and each thereof are charged with the exercise of due care and caution in the use of the streets.''

The plaintiff alleges that he stopped and looked before crossing ''and as no automobiles were then approaching said point of crossing in either direction'' he proceeded to cross.

The first paragraph of this instruction is inapplicable to the issues in the instant case. There is no allegation of negligence on the grounds of lack of control of the automobile. As to observing vehicles in the street, plaintiff's allegation is that he saw no automobile approaching at the time he started to cross.

The second paragraph of this requested instruction was covered by that part of the court's instruction above quoted.

Plaintiff's Requested Instructions Nos. 2, 3, 4 and 5, were all covered by the court's general charge, although not in the identical language of the request. It would serve no useful purpose to analyze and show how the general charge, given by the court, covered each identical proposition of law in each request.

The court may properly refuse to give requested instructions when the propositions therein enunciated have been correctly covered by the general charge or by other requested instructions: 14 R. C. L. 752; *Goldfoot v. Lofgren,* 135 Or. 533 (296 P. 843); *Hogan v. Mason Motor Co.,* 133 Or. 14 (288 P. 200).

Plaintiff took no exception to any of the instructions given. The instructions given fairly and concisely presented the issues to the jury. Finding no error, the judgment will be affirmed.

It is so ordered.

BEAN, C. J., RAND and KELLY, JJ., concur.