MacDougall *v.* American Ice Company, Appellant.

Argued December 5, 1934. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Layton M. Schoch,* with him *Homer G. White,* for appellant.

*Samuel J. Becker,* for appellee.

OPINION BY MR. JUSTICE LINN, January 7, 1935:

This is one of that class of cases in which a pedestrian committed to crossing on a go-signal at a regular crossing place is struck by a negligent driver. The only complaint here is that the learned court below requested the jury to determine whether plaintiff was guilty of contributory negligence, instead of ruling that he was negligent as matter of law.

Plaintiff started from the north curb of Allegheny Avenue, at its intersection with the east side of Germantown Avenue, to cross to the south side. He walked 22.6 feet to the nearest rail of a westbound street car track and across part of the 5.19 feet between the rails of that westbound track, when the green light changed to amber. Before entering the cartway of the street, he looked eastward (to his left), where he had a view of about 200 feet to a curve, and saw that no traffic was approaching; before he was struck, he repeated that observation twice, the last time when he reached a point about a foot from the south rail of the westbound track, which was when the light changed to amber. At that time, he not only saw that nothing was approaching from his left, but observed that a street car coming from the west was crossing Germantown Avenue. We assume that the light then changed to red, and opened traffic on Allegheny Avenue. Plaintiff might then, of course, have done any one of several things: (1) he might have

hurried across the eastbound car tracks ahead of the car; (2) might have retreated to a point two feet north of the north rail of the westbound car track, where there was a safety zone; or (3) might have remained standing, as he did, having noticed at the time that no traffic was approaching from his left. He knew, of course, that it was the duty of any driver approaching on his left to have his car under control at street crossings and to heed the position of persons committed to the crossing: Gilles v. Leas, 282 Pa. 318, 127 A. 774; Taylor v. P. R. T., 107 Pa. Superior Ct. 124, 163 A. 538; Twinn v. Noble, 270 Pa. 500, 113 A. 686; Goodall v. Hess, 315 Pa. 289, 172 A. 693; Anderson v. Wood, 264 Pa. 98, 107 A. 658; Parznik v. Central Abattoir Co., 284 Pa. 393, 131 A. 372; Galliano v. East Penn Electric Co., 303 Pa. 498, 154 A. 805. As the eastbound street car cleared the crossing, plaintiff took one step forward to cross the south rail of the westbound track, and while doing so, with his foot on the rail, was struck by defendants' truck coming from the east.

The question now is whether, in such circumstances, he should have gone back to the safety zone, or dashed ahead of the eastbound street car, or remained where he was (cf. Schroeder v. Pittsburgh Rys. Co., 311 Pa. 398, 165 A. 733), seeing that no traffic was approaching from the east. In the circumstances, we all agree that it was a question for the jury.

Judgment affirmed.